## Samuel B. Cressman, Plff. in Err., v. John Bossing.

A defendant is not entitled under the act of February 28, 1870, to appeal from a judgment against him for wages for labor, rendered by a justice

Cited in McCarty v. Killian, 2 Pa. Dist. R. 49, 6 Kulp, 438; and Mc-Nair v. Rupp, 11 York Legal Record, 83, 3 Lack. Legal News, 269.

NOTE.—The act of February 28, 1870, as to suits for wages was local to Luzerne county. The general act of April 9, 1872, provided for a similar

of the peace, without making an affidavit that the appeal is not for the purpose of delay, but the judgment is unjust and for more than is justly due.

Where the defect in the attempted appeal was caused solely by defendant's negligence and no blame can be imputed to the justice, the defendant has no equities sufficient to relieve him.

(Argued April 14, 1887. Decided April 25, 1887.)

January Term, 1887, No. 401, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Luzerne County to review a judgment striking off an appeal from a justice's judgment. Affirmed.

The proceedings in the court below were founded upon an appeal by Samuel B. Cressman from a judgment of a justice of the peace, obtained by default September 22, 1886, by John Bossing, for $108 balance on wages for labor performed by plaintiff for defendant.

The facts appear from the following opinion, by RICE, P. J., making absolute a rule to strike off the appeal:

This appeal was filed October 21, 1886. The rule to strike off the same was granted November 19, 1886, and on November 27, 1886, the defendant applied for and was granted a rule to show cause why he should not have leave to perfect it. The transcript shows that the suit was to recover "wages for labor performed by the plaintiff for the defendant." The deposition shows the same thing. No affidavit was filed with the justice, and the recognizance is for costs only.

If the case does not come within the provisions of the general act of April 20, 1876 (P. L. 43), because the transcript does not show that the suit was for the recovery of the wages of "manual

affidavit. This was not repealed by the act of April 20, 1876. In both acts the record must show the claim to be for wages for manual labor to require the affidavit and bail. Womelsdorf v. Heifner, 104 Pa. 1. If the failure to perfect the appeal was due to the negligence of the defendant, the court will not allow it to be perfected. Lake v. Davis, 4 Kulp, 284; Buncoski v. Keystone Coal Co. 7 Del. Co. Rep. 317, 9 Kulp, 186; Davidson v. Markley, 1 Pa. Co. Ct. 594. But the rule is otherwise where the fault is on the part of the justice. McCarty v. Killian, 2 Pa. Dist. R. 49, 6 Kulp, 438; Twyford v. Dyer, 4 Pa. Dist. R. 714, 17 Pa. Co. Ct. 28; Womelsdorf v. Heifner, 104 Pa. 1.

labor," it nevertheless comes within our local act of February 28, 1870 (P. L. 269). Hazen v. Albertson, 2 Kulp, 336.

Therefore it was the defendant's duty to file with the justice an affidavit that "the appeal is not for the purpose of delay, but the judgment to be appealed from is unjust and for more money than is justly due." Without that affidavit being made he was not entitled to appeal. The courts are extremely liberal in permitting parties to perfect appeals from the judgment of justices of the peace; but when there is a total failure to comply with some statutory conditions precedent, the appellant must show affirmatively that he has not been guilty of any laches. Gordon v. Snyder, 2 Kulp, 308; Kingeter v. Stritzinger, 3 Kulp, 147; McIlhaney v. Holland, 111 Pa. 634, 5 Atl. 731.

At least, if the evidence shows that the defect is attributable solely to the appellant's negligence the court has not, in our opinion, discretionary power to set at naught the act of assembly and grant him relief. Here the evidence shows that the justice was not to blame, for the defendant had a legal adviser from the inception of the suit; and he frankly admits that although he did not think of it at the time, he knew that the law required an affidavit to be made.

The rule to strike off the appeal is made absolute.

Thereupon the appellant took this writ, assigning such action of the court as error.

*Harry Halsey,* for plaintiff in error.—When an appeal has been taken within the time prescribed by law it is usual to allow a defect to be amended. So where the recognizance is defective, it is usual to allow it to be perfected. The books are full of such cases. Womelsdorf v. Heifner, 104 Pa. 1; Reagan v. Stetler, 14 Luzerne Legal Reg. 507; Ryan v. McDonough, 3 W. N. C. 44; and Mayberry v. Gerber, 3 W. N. C. 240.

This is an attempt by a mere technicality to deprive this appellant of his trial by jury, a sacred right of which he should not be deprived unless it appear, by express words, the plain intent of the legislature to take it away. Pritchett v. Moore, 1 Ashm. (Pa.) 26; Com. v. Levy, 7 Phila. 303.

This transcript does not show that it comes within the provisions of the general act of April 20, 1876 (P. L. 43), requiring

an affidavit and bail for the payment of debt and costs, which refers only to wages for manual labor. "Nor within the provisions of the Luzerne county act of 1870; for it is not every demand for work and labor done that can be regarded as the wages or salary for work or labor done, within the meaning of the act last referred to." Reagan v. Stetler, 14 Luzerne Legal Reg. 507.

Moreover, if the recognizance be defective, the party should be called upon by rule to perfect it within a given time; and it is error to quash his appeal without giving him that opportunity. Means v. Trout, 16 Serg. & R. 349; The Burgess v. Jackson, 2 Penr. & W. 431; Adams v. Null, 5 Watts & S. 363; Koenig v. Bauer, 57 Pa. 171.

_George H. Troutman_ and _Percival C. Kauffman_, for defendant in error.—The appeal was vicious in two respects: (1) The recognizance was defective, inasmuch as it was for costs only, under § 1, of the act of April 20, 1876 (P. L. 43); and (2) the appeal was a nullity under the act of 1870, because there was no affidavit in writing which that act makes a condition precedent to the appeal. In any case it is incumbent upon the appellant to show that he was not guilty of laches, or that the omission was the fault of the justice. Gordon v. Snyder, 12 Luzerne Legal Reg. 91; and Swallow v. Red Ash Coal Co. 12 Luzerne Legal Reg. 121.

The record should show that the necessary oath or affirmation was actually made. If not made, the omission is fatal to the appeal, if the objection be taken in time. Wilson v. Kelly, 81 Pa. 413; Mountney v. McFarland, 7 Phila. 392; Carter v. Hess, 3 W. N. C. 325.

PER CURIAM:
It may well be conceded that this case does not come within the provisions of the act of April 20, 1876, which restricts the claim to cases arising for manual labor; yet it clearly comes within the special act of February 28, 1870. That act makes the affidavit essentially necessary to authorize an appeal.

Here the learned judge has found as a fact that no blame could be imputed to the justice, but the defect was caused solely by the negligence of the party who made an abortive appeal.

He has no equities sufficient to relieve him, as is well shown in the opinion of the court striking off the appeal.

Judgment affirmed.